UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   **Civil Action No.:**
WALTER J. VASQUEZ,

                            Plaintiffs,                        **COMPLAINT**

        -against-

WESTBURY MANOR ENTERPRISES INC.,        **JURY TRIAL DEMANDED**
JERRY SCOTTO and JOAQUIN GREGORIO,

                          Defendants.
-----------------------------------------------------------------X

       Plaintiff Walter J. Vasquez ("Vasquez" or "Plaintiff"), by and through his attorneys, Akin Law Group PLLC, complaining of Defendants Westbury Manor Enterprises Inc., Jerry Scotto and Joaquin Gregorio (collectively, "Defendants"), alleges as follows:

### NATURE OF CLAIMS

       1.    Plaintiff Vasquez was employed by defendant Westbury Manor Enterprises Inc. ("WESTBURY MANOR"), a wedding venue in Westbury owned by Defendant Jerry Scotto ("Defendant SCOTTO") and others. Defendants failed to pay Plaintiff as required by law. Throughout Plaintiff's employment at WESTBURY MANOR, he consistently worked in excess of 40 hours per week, but defendants never paid him time-and-one-half for those hours. Instead of paying Plaintiff on a hourly basis, Defendants paid Plaintiff a weekly salary regardless of how many hours he worked, which worked out to be less than the minimum wage required by federal and New York law. Defendants also unlawfully failed to provide Plaintiff "spread of hours" pay when he worked more than 10 hours in a row.

       2.    In addition in improper pay, Plaintiff was discriminated against by Defendant Joaquin Gregorio ("Defendant GREGORIO"), who was Plaintiff's direct supervisor. Defendant GREGORIO's conduct towards Plaintiff included making inappropriate comments

regarding his Honduran national origin, and treating him less favorably, than similarly situated to him non-Honduran employees. When Plaintiff VASQUEZ complained to Defendant SCOTTO and Defendant GREGORIO about discrimination and proper pay, he was terminated.

3.     Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York State Labor Law ("Labor Law"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* ("Title VII"), New York State Human Rights Law § 296 (2014) (NYSHRL) and supporting New York State Department of Labor regulations. Plaintiff seeks compensatory, liquidated and punitive damages, and other appropriate relief pursuant to the FLSA, Title VII, Labor Law and NYSHRL.

4.     All conditions precedent to filing suit have been fulfilled. To wit, Plaintiff filed a timely Complaint with the U.S. Equal Employment Opportunity Commission, on July 17, 2017. The EEOC issued to Plaintiff a Notice of Right to Sue which Plaintiff received on December 15, 2017, and Plaintiff brings the current action within the 90-day statutory limit.  The Notice of Right to Sue is annexed hereto as Exhibit "A".

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. §1367.

2.     Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

3.     Plaintiff VASQUEZ comes from Honduras and resides in Nassau County, New

York.

4.      Defendant WESTBURY MANOR was and is a foreign business corporation duly organized under the laws of the State of New York.

5.       Defendant WESTBURY MANOR was and is a domestic business entity duly organized under the laws of the State of New York.

6.      Defendant WESTBURY MANOR operates a wedding venue, located at the premises more commonly known or referred to as 1100 Jericho Turnpike, Westbury, NY 11590.

7.      Upon information and belief, at all times herein relevant, Defendant WESTUBURY MANOR has been an enterprise engaged in interstate commerce within the meaning of the FLSA in that it (i) has had employees engaged in commerce or in the production of goods for commerce, or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500, 000.

8.      Defendant SCOTTO was and is one of the owners of Defendant WESTBURY MANOR.

9.      Defendant SCOTTO exercises operational control as it relates to all employees of Defendant WESTBURY MANOR, including Plaintiff VASQUEZ.

10.    Defendant SCOTTO had the right fire / hire, promote / demote, reward / sanction Plaintiff VASQUEZ with regard to their employment with Defendant WESTBURY MANOR.

11.    Plaintiff VASQUEZ could complain to Defendant SCOTTO directly regarding any of the terms of his employment with Defendant WESTBURY MANOR.

12.    Plaintiff VASQUEZ was in subordinate relationship in regards to Defendant SCOTTO during his employment with Defendant WESTBURY MANOR.

13.    Defendant GREGORIO was and is a Manager of Operations at Defendant

WESTBURY MANOR.

14.   Defendant GREGORIO exercises operational control as it relates to all employees of Defendant WESTBURY MANOR, including Plaintiff VASQUEZ.

15.   Defendant GREGORIO had the right fire / hire, promote / demote, reward / sanction Plaintiff VASQUEZ with regard to their employment with Defendant WESTBURY MANOR.

16.   Plaintiff VASQUEZ could complain to Defendant GREGORIO directly regarding any of the terms of his employment with Defendant WESTBURY MANOR.

17.   Plaintiff VASQUEZ was in subordinate relationship in regards to Defendant GREGORIO during his employment with Defendant WESTBURY MANOR.

18.   Defendant WESTBURY MANOR was Plaintiff's "employer" within the meaning of Title VII, FLSA, Labor Law and NYSHRL. Defendant SCOTTO was "employer" within the meaning of the FLSA and the Labor Law because, in addition to his ownership interests, he had the power to hire and fire plaintiff and to control his working conditions.

## FACTUAL ALLEGATIONS

**<u>Wage and Hour Violations</u>**

19.   In or around 2006 Plaintiff VASQUEZ was hired at Defendant WESTUBURY MANOR as a waiter; he was working as waiter at Defendant WESTBURY MANOR until in or around January 2013, when he was promoted to Maitre D.

20.   During his employment with Defendant WESTBURY MANOR, Plaintiff VASQUEZ's duties included but not limited to: monitoring and observing wedding operations/special event operations, monitoring and observing the waiting staff, welcoming guests, assigning tables to them, taking reservations, ensuring guests were satisfied with the service at Defendant WESTBURY MANOR.

21.   Since January of 2013, Plaintiff VASQUEZ's title was also "Banquet Manager",

however he did not have authority to hire/fire, promote/demote, reward/sanction any of the Defendant WESTBURY MANOR's employees.

22.   Plaintiff VASQUEZ received the title of "Banquet Manager" from Defendant GREGORIO, as an attempt to misclassify his position of employment, so that overtime wages would not be paid to Plaintiff VASQUEZ.

23.   While Plaintiff VASQUEZ received the title of "Banquet Manager", his job duties were that of a Maitre' D and never changed upon receipt of the new title.

24.   During his employment with Defendant WESTBURY MANOR, Plaintiff VASQUEZ was a stellar employee, and received numerous praises for his diligent work performance.

25.   Since in or around January 2013, Defendants stopped paying Plaintiff VASQUEZ by the hour, and started to pay him a weekly salary, regardless of how many hours he worked.

26.   From January 2013 until March 31, 2013, Defendants paid Plaintiff VASQUEZ a weekly salary of $500.00, although he worked approximately 70 hours per week.

27.   In 2013, Plaintiff VASQUEZ's hourly rate worked out to be approximately $7.14 per hour, while hourly minimum wage in New York State in 2013 was $7.25 per hour.

28.   From March 31, 2013 until July 2014, Defendants paid Plaintiff VASQUEZ a weekly salary of $550.00, although he worked approximately 70 hours per week.

29.   In 2014, Plaintiff VASQUEZ's hourly rate worked out to be approximately $7.85 per hour, while hourly minimum wage in New York State in 2014 was $8.00 per hour.

30.   From July 2014 until January 2016, Defendants paid Plaintiff VASQUEZ a weekly salary of $600.00, although he worked approximately 70 hours per week.

31.   From 2015 to 2016, Plaintiff VASQUEZ's hourly rate worked out to be approximately $8.57 per hour, while hourly minimum wage in New York State in 2015 was $8.75 per hour and in 2016 - $ 9.70 per hour.

32.   From January 2016 until his termination on January 4, 2017, Defendants paid Plaintiff VASQUEZ a weekly salary of $700.00, although he worked approximately 70 hours per week.

33.   During the busy Holiday Party Seasons of Plaintiff VASQUEZ's employment with Defendant WESTBURY MANOR, he would work on average eleven (11) to thirteen (13) hours on Monday, thirteen (13) hours on Tuesday, Wednesday and Thursday, sixteen (16) hours on Friday, seventeen (17) hours on Saturday and sixteen (16) hours on Sunday, whereby Plaintiff VASQUEZ worked in excess of 10 hours per day.

34.   Throughout his employment with Defendant WESTBURY MANOR, Plaintiff consistently worked seven days per week for eleven to thirteen hours per day. Accordingly, there were many weeks that Plaintiff worked for Defendant WESTBURY MANOR where his effective hourly pay was less than the minimum wage required by New York law, which, as of December 31, 2013 was $8.00 per hour, as of December 31, 2014 was $8.75 per hour, as of December 31, 2015 was $9.00, and as of December 31, 2016 was $9.70.

35.   Although Plaintiff routinely worked in excess of 10 consecutive hours per day at Defendant WESTBURY MANOR, he was never paid "spread of hours" premium.

36.   Plaintiff VASQUEZ never received time-and-one-half pay for hours that he worked at Defendant WESTBURY MANOR as a Maitre D in excess of 40 hours per week.

37.   In or around September 2016, the Defendants instructed Plaintiff VASQUEZ to punch-in/punch-out with regard to his employment with Defendant WESTBURY MANOR.

38.   Although Plaintiff was required to punch in/punch out since in or around September 2016, the Defendants continued to pay him a lump weekly salary of $700.00 for working approximately 70 hours per week.

39.   That at all times herein relevant, Plaintiff VASQUEZ was never given a lunch break, or any other type of break during his employment with the Defendant WESTBURY MANOR.

40.    Defendants never informed Plaintiff VASQUEZ in writing as to his hourly rate of pay or his overtime rate of pay.

41.    Defendants were and are required to establish, maintain and preserve for not less than six years, notice of the rate of pay at the time of hiring and subsequent notices when pay rate changed in compliance with NYLL § 195 and 12 NYCRR § 142-2.6.

42.    Defendants are and were required to establish, maintain and preserve for not less than six years, weekly payroll records that show for each employee, among other information, the number of hours worked daily and weekly including the time of arrival and departure of each employee in compliance with NYLL § 193, 12 NYCRR § 142-2.6 and 12 NYCRR § 142-2.7.

43.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff VASQUEZ.

44.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" to Plaintiff.

45.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

46.    Defendants failed to provide a wage statement in compliance with statutory requirements under the NYLL.

**Employment discrimination and retaliation**

47. During his employment with Defendant WESTBURY MANOR Plaintiff VASQUEZ became the target of discrimination against because of his Honduran national origin.

48. Defendant GREGORIO is of Portuguese national origin, and would make inappropriate comments in regards to Plaintiff's Honduran national origin on a regular basis.

49. By way of example, Defendant GREGORIO would say, that Plaintiff and other people from Honduras, "have no education", "are mean", "lazy", "good for nothing".

50. Despite Plaintiff's outstanding work performance, Defendant GREGORIO would tell Plaintiff that he was difficult to work with because his English was not "good enough".

51. Upon information and belief, Plaintiff VASQUEZ was the only Honduran Maitre D at Defendant WESTBURY MANOR.

52. Upon information and belief, Plaintiff VASQUEZ was the only Honduran Banquet Manager at Defendant WESTBURY MANOR.

53. During his employment with Defendant WESTBURY MANOR Plaintiff VASQUEZ was treated less favorably, than similarly situated to him non-Honduran employees, including, but not limited the following:

   a) Plaintiff VASQUEZ was paid by the Defendants less than other banquet managers and Maitre Ds.

   b) Upon information and belief, Phil Lucatorno [Italian-American] [Maitre D] was paid by the Defendants more than Plaintiff, despite he and Plaintiff commenced their employment with Defendant WESTUBURY MANOR in or around same time.

   c) Plaintiff was not paid the minimum and overtime wages by the Defendants, while other Maitre Ds and banquet managers were properly paid on a regular basis.

   d) Defendant GREGORIO would treat non-Honduran employees with courtesy, while yelling, belittling, talking down to Plaintiff on a regular basis.

   e) Defendant GREGORIO would scrutinize Plaintiff's work performance, and undermine his authority at Defendant WESTBURY MANOR, while treating other non-Honduran employees, similarly situated to Plaintiff, with respect.

f)  Defendant GREGORIO would check Plaintiff VASQUEZ's room to see if everything was ready for the next day, while not checking rooms of other Maitre Ds and banquet managers, such as Phil and Sandra.

g)  Plaintiff VASQUEZ was not allowed to have keys from Defendant WESTBURY MANOR's premises, while non-Honduran employees, such as Phil Lucatorno and Sandra (last name unkown) were given such keys.

h)  On one occassion, Plaintiff VASQUEZ was provided with a set of keys by manager George (last name unknown) to lock a door, and was reprimanded by Defendant GREGORIO once he saw Plaintiff VASQUEZ attempt to lock the door, remarking "you are not allowed to have any keys!".

i)  On at least two separate occasions, Defendant GREGORIO aggressively grabbed Plaintiff by the arm, while never grabbing other non-Honduran, similarly situated to Plaintiff, employees.

j)  Defendants required Plaintiff VASQUEZ to work more hours, than similarly situated to him non-Honduran employees.

k)  Patrons' reviews and compliments were often posted on a bulletin board. Reviews praising Plaintiff's work performance were hardly ever posted by the Defendants, while reviews for Phil Lucatorno and Sandra (last name unknown) were always posted on the bulletin board.

l)  Plaintiff VASQUEZ was not allowed to hire and/or fire employees, control employees' schedules, while other non-Honduran banquet managers had such authority.

54. That at all times herein relevant, Plaintiff VASQUEZ was unable to tolerate discrimination, hostile work environment and retaliation he was subjected to at Defendant WESTBURY MANOR, and decided to voice his concerns.

55. In or about July of 2016, Plaintiff VASQUEZ shared his concerns about the discrimination he encountered with Chef Tony at Defendant WESTBURY MANOR.

56. During multiple occasions in 2015 and 2016, Plaintiff VASQUEZ complained to Defendant GREGORIO about the discrimination, hostile work environment and improper pay he was subjected to at Defendant WESTBURY MANOR.

57. The Defendants ignored Plaintiff's complaints, and advised him that he was free to quit.

58. On January 4, 2017, the Defendants terminated Plaintiff VASQUEZ in retaliation against him for complaining about discrimination and demand for a proper pay.

59. That at all times herein relevant, the Defendants created a hostile work environment and openly discriminated against Plaintiff VASQUEZ because of his national origin.

60. Plaintiff VASQUEZ's situation at his job was intolerable as a result of the discrimination by Defendants to which he was subjected, and no reasonable person in Plaintiff's position could be expected to continue working under those conditions.

61. Defendants' actions and conduct were and are intentional and intended to harm the Plaintiff VASQUEZ.

62. The Defendants have caused damage and injury to Plaintiff VASQUEZ by first subjecting him to discrimination and a hostile work environment and then again by protecting the individual that caused and created the hostile work environment while retaliating against the Plaintiff.

63. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

64. As Defendants' conduct have been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the jurisdictional limits of all lower Courts.

## FIRST CLAIM FOR RELIEF
FLSA Minimum Wage Claims, 29 U.S.C. 201, *et seq.*
(Against All Defendants)

65. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

66. That at all times herein relevant, Defendant WESTBURY MANOR and Defendant SCOTTO were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203, § 206(a) and 207(a).

67. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour he worked.

68. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

69. At all relevant times, the Defendants are and were engaged in a policy and practice of refusing to pay the minimum wage compensation at statutory rate to Plaintiff for his actual hours worked.

70. At all relevant times, the Defendants were in violation of the FLSA.

71. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered

damages in an amount not presently ascertainable of unpaid minimum wages, plus an equal amount as liquidated damages.

72. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
FLSA Overtime Violations, 29 U.S.C. 201, *et seq.*
(Against All Defendants)

73. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

74. At all relevant times, Defendant WESTBURY MANOR and Defendant SCOTTO were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203, § 206(a) and 207(a).

75. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one-and-one-half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

76. At all relevant times, the Defendants are and were engaged in a policy and practice of refusing to pay overtime compensation at statutory rate of time and one-and-one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

77. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

78. Plaintiff seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
FLSA – Retaliation
(Against All Defendants)

79. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

80. Based on Defendants' unlawful employment practices described above, Defendants have retaliated against Plaintiff because he complained about his rights under FLSA, in violation of 29 U.S.C. § 215 (a)(3).

81. The unlawful conduct of Defendants was willful and intentional. Defendants were aware or should  have been aware that practices described above were unlawful.

## FOURTH CAUSE OF ACTION
New York State Minimum Wage Act, New York Labor Law§ 650 et seq.
(Against All Defendants)

82. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

83. Defendants knowingly did not pay the Plaintiff the New York minimum wage as set forth in N.Y. Lab. Law§ 652 and supporting regulations of the New York State Department of Labor.

84. Defendants did not pay Plaintiff the minimum wage for any hours he

worked.

85. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law§ 663.

86. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law§ 663.

**FIFTH CAUSE OF ACTION**
New York State Overtime Violations, New York Minimum
Wage Act, N.Y. Stat. § 650 et seq., N.Y. Comp. Codes R. & Regs.
Tit. 12, §§ 137-1.3 (2010), 146-1.4 (2011)
(Against All Defendants)

87. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

88. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

89. Defendants willfully, regularly and repeatedly failed to pay Plaintiff required overtime rates, one-and-one-half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

90. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law§ 663.

**SIXTH CAUSE OF ACTION**

New York Spread of Hours Provisions
N.Y. Lab. L. § 650 et seq., and N.Y. Comp. Code R. &
Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2011)
(Against All Defendants)

91. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

92. Plaintiff regularly had workdays that lasted more than ten (10) hours.

93. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays exceeded ten (10) hours, as required by New York law.

94. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law§ 663.

## SEVENTH CAUSE OF ACTION
N.Y. Labor Law – Retaliation
(Against All Defendants)

95. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

96. Based on the acts and practices described above, defendants have retaliated against Plaintiff because he made a complaint related to his rights under the Labor Law, in violation of N.Y. Labor Law § 215.

## EIGHTH CAUSE OF ACTION
New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
(Against All Defendants)

97. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

98. Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law§ 195.

99. As a result of Defendants' unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

100.    Defendants failed to properly notify Plaintiff of his hourly pay rate and overtime rate, in direct violation of the New York Labor Law § 195 and 12 NYCRR § 142-2.6.

101.    Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to Plaintiff as per requirements of the New York Labor Law § 195 and 12 NYCRR § 142-2.6.

102.    Defendants failed to provide proper wage statements with every payment as required by New York Labor Law § 195(3).

103.    Due to the Defendants' New York Labor Law violations, Plaintiff is entitles to recover from Defendants his unpaid minimum wage, unpaid overtime, unpaid spread of hours premiums, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action.

### NINTH CAUSE OF ACTION
Discrimination under Title VII of the Civil Rights Act of 1964
(Against All Defendants)

104.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

105.    Title VII provides that "it shall be an unlawful employment practice for an

employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or **national origin"**.

106.     By the acts and practices described above, the Defendants discriminated against plaintiff in the terms and conditions, compensation, privileges of his employment on the basis of his national origin, in violation of Title VII.

107.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of the Defendants' discriminatory acts.

108.     The Defendants acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

**TENTH CAUSE OF ACTION**
Discrimination and Retaliation under Title VII
(Against All Defendants)

109.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were more fully set forth herein in length.

110.     Title VII provides that "it shall be an unlawful employment practice for an employer to discriminate against any of his employees, because he has opposed any practice made an unlawful employment practice".

111.     By the acts and practices described above, the Defendant WESTBURY MANOR and Defendant GREGORIO retaliated against Plaintiff because he opposed unlawful discrimination.

112.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages and damages for mental anguish and humiliation as a result of the Defendant's retaliatory acts.

113.     The Defendants acted intentionally and with malice and/or reckless indifference to plaintiff's federally protected rights.

### ELEVENTH CAUSE OF ACTION
Discrimination under New York State Executive Law
(Against All Defendants)

114.     Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

115.     Executive Law § 296 provides that it shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed**,** color, **national origin,** sexual orientation**,** military status, sex, disability, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

116.     Defendants engaged in an unlawful discriminatory practice in violation of New York Executive Law by actually discharging the Plaintiff, creating and maintaining discriminatory working conditions and a hostile work environment, discriminating against the Plaintiff because of his national origin, and otherwise subjecting the Plaintiff to a hostile work environment.

117.     That as a direct result of the foregoing, the Plaintiff VASQUEZ has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

**TWELFTH CAUSE OF ACTION**
Retaliation and Discrimination under New York State Executive Law
(Against All Defendants)

118.    Plaintiff repeats, realleges, and restates each and every paragraph above as if said paragraphs were more fully set forth herein at length.

119.    New York State Executive Law § 296 (7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

120.    Defendants engaged in an unlawful discriminatory practice by retaliating, continuing and escalating the discrimination and hostile work environment to which the Plaintiff was subjected, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

121.    Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for making a complaint regarding Defendants' violation of New York State Executive Law.

122.    That as a direct result of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter an award:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, Title VII, New York Labor Law and New York Executive Law;

b.  An injunction against Defendants and their officers, agents, successors, employees,

representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

e. An award of unpaid spread of hours premium due under the New York Labor Law;

f. An award of statutory penalties as a result of Defendants' failure to comply with the FLSA and the New York Labor Law wage notice requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the FLSA and the New York Labor Law;

h. Declaring that the Defendants harassed, discriminated against, retaliated against and discharged the Plaintiff VASQUEZ on the basis of his national origin and awarding Plaintiff a recovery for damages sustained;

i. Awarding Plaintiff VASQUEZ compensatory damages for mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

j. Directing Defendants to place Plaintiff VASQUEZ in the position he would have occupied but for defendants' discriminatory and retaliatory and unlawful conduct and making the Plaintiff VASQUEZ whole for all earnings and other benefits he would have received but for Defendants' discriminatory and retaliatory treatment, including, but not limited to, title, seniority status, wages and other lost benefits;

k. Awarding Plaintiff VASQUEZ punitive damages;

l.    Awarding Plaintiff VASQUEZ attorney's fees, costs and expenses;

m.   An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties; and

n.    Awarding Plaintiff VASQUEZ such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  January 18, 2018
         New York, New York

Respectfully Submitted

AKIN LAW GROUP PLLC
Attorneys for Plaintiff

*/s/ Leopold Raic*
_____
By: Leopold Raic, Esq. (LR 4202)
45 Broadway, Suite 1420
New York, New York 10006
(212) 825-1400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X     **Civil Action No.:**
WALTER J. VASQUEZ,

                           Plaintiffs,


               -against-

WESTBURY MANOR ENTERPRISES INC.,
JERRY SCOTTO and JOAQUIN GREGORIO,
                       Defendants.
------------------------------------------------------------------X

---

## COMPLAINT

---

**AKIN LAW GROUP, PLLC**
**Attorney for Plaintiff**
**45 Broadway, Suite 1420**
**New York, New York 10006**
**Tel. (212) 825-1400**
**Fax. (212) 825-1440**