EXECUTION COPY

## SETTLEMENT AGREEMENT & RELEASE OF WAGE AND HOUR CLAIMS

**THIS SETTLEMENT AGREEMENT** (collectively with its Exhibits, the "FLSA Settlement Agreement") is made as of this ___ day of September, 2018, by and among **WALTER J. VASQUEZ** ("Vasquez"), **WESTBURY MANOR ENTERPRISES, INC.**, a New York Corporation ("Westbury Manor"), **JERRY SCOTTO** ("Scotto"), and **JOAQUIN GREGORIO** ("Gregorio"). Westbury Manor, Scotto and Gregorio are collectively referred to as the Westbury Manor Parties. Vasquez, Westbury Manor, Scotto and Gregorio are individually referred to as a "Party" and collectively as the "Parties."

**WHEREAS**, on or about January 18, 2018 Vasquez filed an action against the Westbury Manor Parties in the United States District Court for the Eastern District of New York captioned, *WALTER J. VASQUEZ v. WESTBURY MANOR ENTERPRISES, INC., JERRY SCOTTO and JOAQUIN GREGORIO*, bearing Docket Number 1:18-CV-350(JFB)(AKT) (the "Action"), alleging various violations the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the New York Labor Law (the "NYLL"), and similar New York State wage and hour laws, among other claims;

**WHEREAS**, the Westbury Manor Parties have filed an Answer and Affirmative Defenses to Vasquez's Complaint in the Action with the Court, denying the allegations in the Complaint and denying Vasquez's entitlement to any relief whatsoever against the Westbury Manor Parties;

**WHEREAS**, in order to avoid further legal expenses and risks, and to effectuate a final and complete settlement and release of all claims, rights, obligations, actions, causes of action, disputes and matters in controversy between and among the Parties arising out of or in any way related to the Action, the Parties desire to resolve all their disputes for economic reasons and expressly acknowledge that this FLSA Settlement Agreement shall not constitute any admission of wrongdoing by any Party; and

**WHEREAS**, the Parties, all of whom have received independent legal advice in this matter, wish to settle this matter in a manner that will obviate the need for arbitration or other administrative or Court litigation between the Parties to this FLSA Settlement Agreement and will preclude the bringing of any claim, cause, proceeding or action against any and all of them by providing Plaintiffs with an amount of money that will recompense Plaintiffs for any and all of their alleged claims, costs, and attorneys' fees; and

**WHEREAS,** the Parties have negotiated in good faith and at arms-length to reach an acceptable settlement that constitutes a fair and reasonable compromise of Vazquez's claims and the Westbury Manor Parties' defenses; and

**NOW, THEREFORE**, for and in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

{00136044;1}

1.   **Recitals.**   The preceding recital paragraphs are incorporated into and form a part of this FLSA Settlement Agreement.

2.   **Settlement Payment Amount.**   In exchange for the Releases and Covenant Not to Sue set forth in paragraph 6 below, Westbury Manor shall pay Vasquez $31,299.75 in full, final and complete settlement of any and all claims and disputes relating to or arising from Vasquez's claims under the FLSA or the NYLL, or any similar claim he has or may have, known or unknown pursuant to wage and hour laws (the "FLSA Settlement Amount"). The FLSA Settlement Amount includes all costs, liens, disbursements, and attorney fees. The FLSA Settlement Amount shall be distributed as follows:

   (a) To Vasquez the total gross sum of $19,866.75 (subject to withholdings) to be reported on IRS for W2;

   (b) To the Akin Law Group $1,533.00 for costs, fees, and disbursements incurred by Akin Law Group, PLLC, and $9,900.00 payable to Akin Law Group, PLLC as attorneys' fees for a total of $11,433.00 (all payments to the Akin Law Group shall be reported on Box 14 of IRS Form 1099).

The payments listed in paragraphs 2(a) and 2(b) above shall be due within thirty (30) calendar days of the date the Court approves of the FLSA Settlement Agreement.

3.   **Default & Notice to Cure.**   If the FLSA Settlement Payment is not received within thirty (30) calendar days of the Court's approval of the FLSA Settlement Agreement, Vasquez's counsel shall notify the Westbury Manor Parties and their counsel of the default by first class mail and email to the addresses set forth in paragraph 12, below, with a copy via email to jbjacobs@kleinzelman.com. The Westbury Manor Parties will then have a five (5) business day grace period to pay the FLSA Settlement Amount. If any amount due remains unpaid after five (5) business days from the date of such notice, the full unpaid balance of the FLSA Settlement Amount shall become due and payable immediately.

4.   **Indemnification.**

(a)   Vasquez expressly agrees that he shall be solely responsible for payment of any and all required federal, state and local taxes resulting from payment of the FLSA Settlement Amount paid via form 1099. Neither the Westbury Manor Parties nor any of the Releasees (as defined below) shall be liable for any such taxes or for any assessments, penalties or interest associated therewith and Vasquez shall indemnify and hold harmless the Releasees to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by the Westbury Manor Parties and/or the Releasees resulting from payments under this FLSA Settlement Agreement.

(b)   Nothing in this FLSA Settlement Agreement is intended to constitute tax advice and Vasquez acknowledges that he has been advised to consult with an accountant and/or tax attorney with respect to such matters. All Parties represent that they have not received,

{00136044;1}

*Page 2 of 10*

and shall not rely on, advice or representations from other Parties or the other Parties' agents concerning the tax treatment of payments under federal, state or local law.  To the extent that this FLSA Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be ued, by any person for the purpose of avoiding any tax liability or penalties.

(c)     Vazquez represents that he is not eligible for Medicare payments and has no claims, nor has he made claims, for medical expenses against the Westbury Manor Parties.

(d)     To the extent applicable, it is intended that this FLSA Settlement Agreement comply with the provisions of Section 409A of the Internal Revenue Code ("Section 409A") or provide a basis for exemption from such requirements so that none of the payments and benefits described in this FLSA Settlement Agreement will be subject to the additional tax imposed under Section 409A.  The FLSA Settlement Agreement will be administered and interpreted in a manner consistent with this intent, and any provision that would cause the FLSA Settlement Agreement to fail to satisfy Section 409A will have no force and effect until amended to comply therewith (which amendment is to be retroactive to the extent permitted by Section 409A).

5.     **No Additional Money Owed:**  Vasquez expressly acknowledges that, with payment of his FLSA Settlement Payment as set forth in paragraph 2 herein, he has received all wages and compensation due to him for all hours worked including, but not limited to, all wages earned and/or payable through the date of his execution of this FLSA Settlement Agreement.  Vasquez expressly acknowledges that he reported all hours worked to the Westbury Manor Parties during his employment and that he is owed no additional wages, wage supplements, payments, overtime pay, benefits, bonuses or other compensation of any kind (other than the FLSA Settlement Payment set forth herein) by the Westbury Manor Parties or any of the Releasees for any reason whatsoever.

6.     **Releases & Covenant Not to Sue.**  Vasquez, and each of his heirs, beneficiaries, executors, administrators, affiliates, representatives, successors, assigns, and insurers, and all those acting in concert with them hereby irrevocably and unconditionally release and forever discharge Westbury Manor, and each of its parents, subsidiaries, divisions, affiliates, related companies, insurers and each of their respective heirs, successors, assigns, present and former officers, agents, employees, directors, representatives, agents, supervisors, and attorneys, including but not limited to Jerry Scotto and Joaquin Gregorio, all in their corporate and individual capacities ("Releasees"), of and from (1) any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the Fair Labor Standards Act ("FLSA"), New York State Labor Law ("NYLL") or any similar or related wage and hour laws, regulations or rules; (2) any and all other claims or causes of action which were asserted or could have been asserted in this Action to recover the amounts claimed due and owing to Vasquez in this Action.  This release does not release the Parties from their obligations under this FLSA Settlement Agreement.

7.     **Discontinuance of the Action with Prejudice.**     The Parties agree to submit this FLSA Settlement Agreement and the Stipulation and Order of Dismissal With Prejudice, attached hereto as Exhibit A, to effectuate a voluntary dismissal with prejudice of the Action subject to the Court's approval of the settlement. The Parties agree to take whatever additional steps may be necessary to effectuate the dismissal of the Action with prejudice. In addition, and simultaneously with the execution of this FLSA Settlement Agreement, the Parties shall make a joint motion to withdraw the Action with prejudice, and submit the FLSA Settlement Agreement for Court Approval.

8.     **No Other Action.**

(a) Vasquez represents and warrants that there are no actions, claims or proceedings filed or pending by or on behalf of Vasquez against any of the Westbury Manor Parties. In the event that, notwithstanding the representation contained herein, there are other actions, claims or proceedings against any of the Westbury Manor Parties by or on behalf of Vasquez, Vasquez agrees that this FLSA Settlement Agreement constitutes a withdrawal with prejudice of all other actions, claims or proceedings filed or pending against any of the Westbury Manor Parties and that Vasquez shall not be entitled to any monetary relief or to reinstatement to his employment as the result of such claims, charges, or administrative proceeding. In the event any such complaint, claim, charge, action or proceeding has been filed, Vasquez and his attorneys shall file all documents necessary to effectuate the dismissal and discontinuance of such proceedings with prejudice.

(b) Nothing in this FLSA Settlement Agreement prevents Vasquez from filing a charge of discrimination with any federal, state or local fair employment practices agency, including the United States Equal Employment Opportunity Commission ("EEOC"), or cooperating with or participating in any such proceeding. If Vasquez files or participates in such a charge of discrimination, however, he understands that by signing this FLSA Settlement Agreement he is waiving his right to recover any monetary or other relief (including, but not limited to reinstatement, back pay, front pay, damages and attorneys' fees) in connection with any such charges and/or claims.

9.     **Response to Subpoena.**     Vasquez agrees that, in the event he is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to the Westbury Manor Parties, his prior employment with any of the Westbury Manor Parties, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Vasquez will within two business days of receipt of such request provide notice of such request to the Westbury Manor Parties pursuant to the notice provision contained in paragraph 12, below, and, if possible, will make no disclosure until the Westbury Manor Parties have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

10.     **No Admission of Liability.**     This FLSA Settlement Agreement and compliance with this FLSA Settlement Agreement shall not be construed as an admission by the Releasees, or as proof of liability of any sort, or of any violation of any statute, regulation, duty, contract, right

{00136044;1}

or order. Each Party hereto acknowledges that this FLSA Settlement Agreement has been reached to compromise and settle disputed claims, and to avoid the future cost of litigation. None of the Parties hereto admit or acknowledge any wrongdoing or liability. Each Party hereto expressly agrees that nothing contained in this FLSA Settlement Agreement may be used by any person in any proceeding as an admission of liability, or of any fact, or of any wrongdoing of any of the Parties to this FLSA Settlement Agreement. Nothing contained in this FLSA Settlement Agreement shall prevent any Party from using the FLSA Settlement Agreement or any term or matter referenced therein in any proceeding to enforce the terms hereof or from bringing any claim arising from a breach hereof.

11.   **Binding Effect.**  The Parties agree to be bound by this FLSA Settlement Agreement without limitation, restriction or reservation. Anyone who succeeds to the rights and responsibilities of the Parties, such as their agents, attorneys, servants, employees, directors, officers, successors, predecessors, assigns, insurers, subsidiaries, divisions, shareholders, parents, and affiliates or other person or party who succeeds to the interest thereon accruing of the parties, shall also be bound hereto.

12.   **Notices.**     Notices required under this FLSA Settlement Agreement shall be in writing and shall be deemed given on the third business day following mailing by United States registered mail, return receipt requested and email transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Leopold Raic, Esq.
AKIN LAW GROUP PLLC
45 Broadway, Suite 1420
New York, New York 10006
Tel: (212) 825-1400
Fax: (212) 825-1440
Email: Leo@akinlaws.com

To Defendants:

Westbury Manor Enterprises, Inc.
Attention: Jerry Scotto
1100 Jericho Turnpike
Westbury, NY 11590
jscotto@westburymanor.com

And:

Westbury Manor Enterprises, Inc.
Attention: Joaquin Gregorio
1100 Jericho Turnpike
Westbury, NY 11590
{00136044;1}

EXECUTION COPY

jgregorio@westburymanor.com

With a copy to:


Jane B. Jacobs, Esq.
KLEIN ZELMAN ROTHERMEL
JACOBS & SCHESS LLP
485 Madison Avenue, 13th Floor
New York, NY 10022
jbjacobs@kleinzelman.com
(212) 935-6020

13.   **Enforceability.**      If a court of competent jurisdiction determines that any provision of this FLSA Settlement Agreement is not enforceable in the manner set forth in this FLSA Settlement Agreement, the Parties agree that it is their intention that such provision should be enforceable to the maximum extent possible under applicable law, and that such provision shall be reformed to make it enforceable in accordance with the intent of the Parties.  If any provision of this FLSA Settlement Agreement is held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of the other portions of this FLSA Settlement Agreement.

14.   **Survivability.**      All covenants and agreements contained herein shall survive the execution of this FLSA Settlement Agreement.

15.   **Breach.**   The failure of Vasquez to comply with the promises contained in paragraph 4 and/or 6 of this FLSA Settlement Agreement will constitute a substantial and material breach of this Agreement.  The Parties acknowledge that in the event of such a breach or threatened breach Releasees would be irreparably harmed and, in addition to any other remedies, which they may have at law or equity, the Releasees shall be entitled to a return of the monies paid pursuant to paragraph 2 above with the exception of FIVE HUNDRED DOLLARS ($500.00) or such amount otherwise required by law.  Moreover, Vasquez agrees that the Releasees and/or any of them may seek, without the necessity of posting a bond, a temporary restraining order and/or preliminary injunction and/or permanent injunction restraining any such actual or threatened material breach, which may include, as appropriate, mandatory relief, as well as any other relief, which may be available at law or equity, in the event of such a breach.  In addition, Vasquez will not be entitled to any payments not yet made pursuant to paragraph 2.  The Releasees shall be entitled to reimbursement for reasonable attorneys' fees and costs incurred in connection with obtaining relief due to any such breach or threatened breach in the event the Releasees prevail in an action alleging such breach or threatened breach.

16.   **Full Understanding and Reasonableness of FLSA Settlement Agreement.**  The Parties acknowledge that they have read this FLSA Settlement Agreement carefully, fully understand the meaning of the terms of this FLSA Settlement Agreement, have had a full and fair opportunity to review whatever documentation they requested before execution of this FLSA Settlement Agreement and are signing this FLSA Settlement Agreement of their own volition,

{00136044;1}

knowingly and voluntarily. Each Party acknowledges and agrees that it entered into this FLSA Settlement Agreement after full and fair negotiations in which each Party was represented by counsel, and it shall be deemed effective as of the date set forth above. The Parties acknowledge and expressly agree that the provisions of this FLSA Settlement Agreement are fair, adequate, and reasonable, are fully satisfactory to each of them and are not unconscionable to their respective best interest thereon accruing as they perceive those interests.

17.   **Representations and Warranties.**   Each Party represents and warrants that (i) they have the power and authority to execute and deliver this FLSA Settlement Agreement and the releases contemplated herein; (ii) their execution, delivery, and performance of this FLSA Settlement Agreement does not and will not contravene the terms of any applicable agreements, instruments or laws; (iii) they have the power and authority to perform their obligations hereunder; (iv) they have not assigned or transferred or purported to assign or transfer to any person or entity all or any portion of any claim, right, interest or other entitlement which is agreed to be dismissed or released herein; (v) the FLSA Settlement Agreement constitutes its legal, valid, and binding obligation in accordance with its terms; (vi) in executing this FLSA Settlement Agreement, he or it has not relied upon any statements or representations not expressly set forth in this FLSA Settlement Agreement. This paragraph shall survive the delivery of documents and consideration required hereunder.

18.   **Entire Agreement.**   This FLSA Settlement Agreement is the complete and exclusive statement of the entire agreement and understanding between the Parties with respect to the subject matter hereof. No representations, oral or otherwise, express or implied, other than those specifically set forth in this FLSA Settlement Agreement have been made by any Party to the other Party regarding the subject matter of this FLSA Settlement Agreement. This FLSA Settlement Agreement supersedes any and all prior understandings, agreements or discussions between the Parties. This FLSA Settlement Agreement shall not be suspended, waived, terminated, amended or modified in any manner except in a writing signed by all Parties to be bound.

19.   **Modification of Agreement.**   This FLSA Settlement Agreement may not be changed unless the changes are in writing and signed by a proper representative of Vasquez and the Westbury Manor Parties.

20.   **Acknowledgement.**   Vasquez and the Westbury Manor Parties acknowledge that they have been fully and fairly represented by counsel in this matter.

21.   **Construction.**   No Party, nor any of the Parties' respective attorneys, shall be deemed the drafter of this FLSA Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between them. No language in this FLSA Settlement Agreement shall be presumptively construed in favor of or against any of the Parties to this FLSA Settlement Agreement based upon who drafted such language. In any interpretation of this FLSA Settlement Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders.

22.   **Governing Law and Jurisdiction.**   This FLSA Settlement Agreement shall be governed by, construed, enforced and interpreted in accordance with, the laws of the State of New

York, excluding the conflict of laws principles thereof. The Parties hereby agree that the United States District Court for the Eastern District of New York shall be the sole and exclusive venue and jurisdiction in connection with any dispute arising under, or in any way relating to, this FLSA Settlement Agreement and the Parties hereby irrevocably consent to personal jurisdiction of such court and waive any objection on grounds of lack of personal jurisdiction or based upon the alleged inconvenience of such forum or venue.

23.   **Further Assurances.**        The Parties shall take such other actions and execute such other documents as may be reasonably necessary to effectuate this FLSA Settlement Agreement and the undertakings made herein.

24.   <u>Release Notification and Withdrawal.</u>

(a) The Westbury Manor Parties advise Vasquez to discuss the terms of this FLSA Settlement Agreement and release of claims with his legal counsel. Vasquez acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that each Party made this decision after careful thought, and after an opportunity to consult with their attorneys. Vasquez confirms that he understands the terms of this FLSA Settlement Agreement and that he is signing this FLSA Settlement Agreement voluntarily.

(b) Vasquez further acknowledges that the only consideration for signing this FLSA Settlement Agreement is as set forth in this FLSA Settlement Agreement; that no other promise or other FLSA Settlement Agreements of any kind have been made to Vasquez by any person or entity whatsoever to cause Vasquez to sign this FLSA Settlement Agreement; that Vasquez is competent to execute this FLSA Settlement Agreement; and that Vasquez has been advised and given the opportunity to consult advisors, legal and otherwise, of Vasquez's own choosing; and that Vasquez fully understands the meaning and intent of is FLSA Settlement Agreement.

(c) The Parties represent and acknowledge that in executing this FLSA Settlement Agreement they do not rely and have not relied upon any representation or statement made by any of the Parties, nor by any of their agents, representatives or attorneys, with regard to the subject matter or effect of this FLSA Settlement Agreement or otherwise, other than as specifically stated in this written FLSA Settlement Agreement. The Parties further declare that in making this FLSA Settlement Agreement they rely entirely upon their own judgment, belief and interest and the advice of their counsel.

25.   <u>Counterparts; Electronically Transmitted Signatures.</u>   This FLSA Settlement Agreement may be executed in separate counterparts, each of which, when so executed and delivered, shall be deemed an original, but all of which together shall constitute one and the same instrument. This FLSA Settlement Agreement may also be executed with facsimile, .pdf or electronic signatures sent by email which shall be deemed to have the same force and effect as original signatures.

{00136044;1}

EXECUTION COPY

IN WITNESS WHEREOF, the Parties hereto have executed this FLSA Settlement Agreement as of the date first above written.

Walter J. Vasquez                                    Dated: 10-02 18

Jerry Scotto, individually and as authorized         Dated: 10-10-18
signatory of WESTBURY MANOR
ENTERPRISES, INC.

Joaquin Gregorio                                     Dated: 10-10-18

{00136044;1}
*Page 9 of 10*

EXECUTION COPY

## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

WALTER J. VASQUEZ,                                    2:18-CV-350 (JFB) (AKT)

                              Plaintiff,              **STIPULATION OF**
                                                     **DISCONTINUANCE**

    -against-

WESTBURY MANOR ENTERPRISES, INC.,
JERRY SCOTTO and JOAQUIN GREGORIO,

                              Defendants.
-------------------------------------------------------------------X

       IT IS HEREBY STIPULATED AND AGREED, that this action in its entirety,

including but not limited to the Fair Labor Standards Act ("FLSA") and New York Labor

Law ("NYLL") claims asserted herein, are hereby dismissed in entirety with prejudice

pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This Court shall retain

jurisdiction over the parties' settlement agreement in this Action.

AKIN LAW GROUP PLLC

By: _____              By: _____
    Leopold Raic, Esq.                   Jane B. Jacobs, Esq.
45 Broadway, Suite 1420                  Klein Zelman Rothermel Jacobs & Schess LLP
New York, New York 10006                 485 Madison Avenue, Suite 1301
(212) 825-1400                           New York, New York 10022
*Attorneys for Plaintiff*                (212) 935-6020
                                         *Attorneys for Defendants*

SO ORDERED

_____
United States District Judge

{00136044;1}